Liu v. Eric H. Holder, Jr., Attorney General. Good morning, Mr. DiRimando. Good morning, Your Honors. May I reserve two minutes for rebuttal? You may. May it please the Court, Michael P. DiRimando, for the plaintiff appellant, Mr. Luo. This is a case that was based on an adjustment of status application coupled with an I-601 waiver. The I-601 waiver basically erases a bad act, whether it be a fraudulent passport or a criminal conviction, minor criminal conviction. Actually, it could be applied to aggravated felonies also, but this was a fraud waiver. Mr. Luo came into the United States in the early 1990s with a fraudulent Japanese passport. It's the only wrongful act in this case. He applied for asylum. He used an attorney who was disbarred, Mr. Porges. He never signed his asylum application. It was withdrawn at his hearing. He was under the old system of immigration, which was exclusion and deportation. Those two systems have now been put together in one removal proceeding in 1996. So he comes under the old system as an arriving alien. He needed an I-601 waiver. His first attorney never applied for one. The I-130 petition by his U.S. citizen wife was granted in 1998. He applied for adjustment of status. It was denied. He gets a new attorney, now does a motion to reopen and reconsider, files the I-601 waiver, saying that it's an extreme hardship to his U.S. citizen wife and his mother, who was a lawful permanent resident at the time. He does have a U.S. citizen child who's 18 years old, Andrew, but under the statute, it's not a qualifying relative, but it can be considered as part of the extreme hardship. That is a subject of a mandamus action because it takes years. It is ultimately denied. I file a motion to reopen and reconsider with new evidence, basically, within the 30-day limit in 2011, and the AAO, the Administrative Appeals Office, basically affirms its original decision from 2011 and denies the waiver. We went to district court in the District of Rhode Island, and the crux of the case is that it was the wrong standard, that the AAO applied the wrong standard. I didn't ask the district court to review the I-601. What I was claiming, and I still claim to this day, is that it was the wrong standard of review, that the standard was extreme hardship, that they found extreme hardship to the U.S. citizen wife, and they found extreme hardship to his lawful permanent resident mother. They then went on, the Administrative Appeals Office said, that's not good enough. You now have to show extreme hardship on relocation to China, which they found, but also if the U.S. citizen wife and the lawful permanent resident mother stay in the United States. So it's a double standard now. That doesn't exist in the statute, which just says you have to find extreme hardship under Section 212I of the Immigration and Nationality Act, and it doesn't exist in the case law. So what we were asking the district court to do is not review a discretionary denial, a discretionary application. We were asking the district court to review a standard of review, that basically the Administrative Appeals Unit and the USCIS applied the wrong standard, that you have to show the standard of hardship for relocation and separation. The main case on this is Cervantes-Gonzalez. It's the Board of Immigration Appeals precedent decision. It's found at 22 INN decisions, page 560. That decision sets out 212I, the fraud waiver, and it sets out what are the relevant elements of the fraud waiver, family ties, family ties here, family ties abroad, hardship, paying taxes, medical conditions, country conditions in that home country. It doesn't say anything about proving it in two locations. And I asked the court to really look at that precedent decision, Cervantes-Gonzalez, to see that that's not the case. So the district court found, one, that the AAO did everything it was supposed to do and denied it as a matter of discretion, and it was a rational decision.  And, two, that the only place that this could be adjudicated or appealed to would be the circuit court on a petition for review. And that's not the case. There is no way for Mr. Luehl to appeal this to this court. It's impossible. The only way to do that is on an exclusion order, a deportation order prior to 1996, a removal order after 1996 on a petition for review that comes directly to the circuit court. On a deportation or exclusion or removal order, this was none of those. This was a denial of a waiver, and, again, we're claiming it's the wrong standard, and there's no way for us to bring this to a circuit court. We didn't have oral argument before the district court, which I think is something that hurt us. It was done on the papers. I think if there was oral argument, we could have flushed some of these issues out. That was not done. And there would be no way at all for us to review this in any court. The AAO actually says that we are finding Mr. Luehl statutorily ineligible for the waiver, and we are not reaching this decision as a matter of discretion. I believe that is at Joint Appendix page 27. They found extreme hardship again to both the mother and to his U.S. citizen wife, but then continued on after that. We believe there is subject matter jurisdiction here. Again, we were asking for a review of that standard. The AAO cites a case called Salcido-Salcido. It's a Ninth Circuit case, 138 Fed Third at 1293, for the proposition that they have the power to now ask for the standard to be in both places, relocation and separation, relocation to China and separation if the mother and the wife stay here in the United States. I beg the court to look at that decision. That case is a suspension of deportation case. It's not a 212i case. It basically doesn't deal with that at all. This is a new standard that the AAO has come up with. Help me on this. I understand the application here is for discretionary dispensation based on extreme hardship. That's correct, Judge Kaye. It is a discretionary application, but the AAO never reached discretion. They found him statutorily ineligible based on this standard that he had approved it in two places. Then the extreme hardship, what precisely is the hardship that he must prove? Mustn't he prove that his deportation would cause extreme hardship to his spouse? Yes, Your Honor, it would be to both his spouse and to his mother. They're both qualifying relatives. They found that he did that to China. We believe he did it to both places because they're sort of intertwined. But if they find, and here's where I'm having trouble finding it, if they find that his deportation would not cause extreme hardship to his spouse and mother if they simply stayed in the U.S., then how have you established extreme hardship? We're claiming that once they found extreme hardship to the mother and to the spouse, if they were to relocate to China, which they said they couldn't do, that the issue should have stopped at that point and they should have granted the waiver at that point in time. But extreme hardship statute, it doesn't limit us to the scenario where the U.S. citizens leave the country, does it? It just asks, given what all their options are, would they suffer extreme hardship? That's correct. But, again, they found it, and now they've added another element to that standard, which is not in the statute itself, not in Section 212I, and not in any of the case law. They've created a new standard. Excuse me. Before you leave, I'm somewhat confused. You're challenging the Attorney General's denial of the hardship decision, are you not? Yes, Your Honor. Isn't there a specific statute that deprives us of jurisdiction to review that? If it is a discretionary application and this was not done as a matter of discretion or if it's done as a discretionary application. That wasn't my question. My question is, aren't we deprived of appellate jurisdiction to review the Attorney General's denial of a no-hardship decision? No, Your Honor. If it is a clear error of law or a constitutional claim, this Court still retains jurisdiction. Alvarado was a case that this Court found jurisdiction in, a recent case, citing Ayeni. There are other district court cases, and they're cited in my brief, where there is a clear error of law or a constitutional claim. And we claim that this falls under a clear error of law. So this Court should have jurisdiction and the district court should have had jurisdiction. Again, I could never, we could never have brought this case directly to the Court of Appeals. There's no vehicle on appeal to bring it here. So it would be totally unreviewable. If they made up a new standard and said, okay, now Mr. Lowe has to approve a relocation separation and to a third country, I would never be able to review that otherwise. This was not a discretionary denial. It was statutory ineligibility, basically. Thank you. May it please the Court, Stacey Young for the Federal Government. The district court correctly found that it lacks jurisdiction over Appellant Lowe's challenge because two distinct statutes expressly prohibit courts from reviewing discretionary waiver hardship determinations. First, 8 U.S.C. Section 1182 I.2 provides that no court shall have jurisdiction to review the denial of an inadmissibility waiver. And second, under 8 U.S.C. Section 1252 A.2 B.1, matters not subject to judicial review include denials of discretionary relief. Because the APA only permits review of agency action when no other statutory jurisdictional bar exists, the district court correctly dismissed this case. Mr. Lowe claims that the APA provides an independent basis for review. This argument, however, fails. The INA supersedes the APA with regard to judicial review. Under 5 U.S.C. Section 701 A.1, review under the APA is not available when other statutes preclude judicial review. Because here, again, 8 U.S.C. Section 1181 I.2 and 1252 A.2 B.1 do preclude judicial review. The APA, therefore, provides no independent basis for review. Under 1182, if the question is a legal question as opposed to the other type, is there jurisdiction in some circumstances? There is not, Your Honor. There is no jurisdiction under any circumstances. Not in a 1252 exception with a removal pending? This is not a removal case. No, but could that issue be brought in in that context? In that context, in a removal context, there is review of questions of law and constitutional claims. And isn't one of the questions here a question of law? It's the and versus or question. Well, Mr. Luo does frame one of his questions as a question of law. I believe that the government asserts that there is no actual question of law. It's a question with respect to the discretionary finding. However, questions of law are not appropriate for a review of this type of discretionary decision. When he says that he would never be able to bring the claim in a federal court, that would not be accurate, assuming it's a question of law that he's raising. That would not be accurate with respect to that question if this were a removal proceeding. That's correct, Your Honor. Under 8 U.S.C. Sections 1252 A to D. Okay, so is this going to end up in a removal proceeding? I mean, is there ultimately going to? He says he'll never get into federal court. Is that true? Under the current circumstances, that's correct. The discretionary bar is clear, and it prevents all judicial review of questions regarding these. If it's a question of law, if all the other prerequisites are met. If he is placed in removal proceedings and he files a petition for review, which would not go to district court first like this case did, it would go directly to a court of appeals. And in that particular case, yes, there are questions of law and constitutional claims are indeed reviewable. So is that not going to happen in this case? That's my question. Probably not. I mean, it's possible that he could be put into removal proceedings, and then certainly in those removal proceedings he would have his questions of law and constitutional claims reviewable. But, again, under the current circumstances, this was a decision by the AAO. This was not made in the course of removal proceedings. In fact, he had already had an inadmissibility order issued against him through his exclusion proceedings, which happened in the 90s. Because this was a purely discretionary decision issued by the AAO, and because Congress in two separate statutory provisions explicitly said there's no judicial review, there are no exceptions to that, this court simply cannot review. If we disagree with you about whether there's a question of law raised or not, or if we don't want to answer that question, is there anything wrong with our following the Second Circuit's approach in Shabazz? And just say that this could not have been brought in a district court and leave it at that? Well, no. Actually, Your Honor, this question, the appropriate place for it to be brought would have been a district court. The district court didn't have jurisdiction. This case could not have been brought directly to a court of appeals. But because Mr. Lowe was not in removal proceedings, challenging the agency's decision with respect to his immigration decisions by any agency would be appropriately brought to a district court. So this is not, Mr. Lowe is not claiming that he is raising any kind of claim in the context of a petition for review in removal proceedings. He did appropriately go to the district court. However, the district court lacked review, again, because of these two jurisdiction stripping provisions. And because the district court did correctly find that it lacked jurisdiction, this court should uphold that decision. If Your Honors have nothing further, the government rests on its brief. Thank you. Thank you. The government is clearly wrong. He has an exclusion order. It's under the old system. He will never be put in removal proceedings. He's actually reporting to the Immigration Customs Enforcement every three to six months at this point in Rhode Island to be deported, to be excluded and deported. It's the old language. He will never go into removal proceedings. This case will never be reviewed by a federal court, whether it's a district court or this court in the circuit court of appeals. It's not going to happen. He has an exclusion order from 1994. I asked the court to specifically look at, again, the Board precedent decision, Cervantes, which does not have this standard. And I asked the court to review the AAO's last decision, which is the 2012 decision. In the Joint Appendix, page 28, it says, as the applicant has not established extreme hardship to a qualifying family member, no purpose would be served in determining whether the applicant merits a waiver as a matter of discretion. It was not a discretionary denial. And he would be foreclosed forever in any court whatsoever to review a clear error of law or a constitutional error. Even if this was a removal proceeding, how could we second-guess what is determined to be extreme hardship sufficient to grant discretionary? Isn't that precisely what we're not supposed to review? Absolutely, Your Honor, but I'm not asking you to second-guess that. They never reached it. They found him statutorily ineligible for the waiver, as if he didn't apply. Well, because they found no extreme hardship under one situation. But they did find extreme hardship under one scenario. They said, now you have to prove two, which I'm saying is a new standard. It's not in any of the case law. It's not in the statute. It's not in the regulations. And the government doesn't point to any statute, regulation, or case law where it says that the applicant has to prove it in both scenarios. It's a new standard. This is all 9-11 aftermath. These cases, I was a prosecutor for immigration 34 years ago, and these cases were approved. He's only done one bad act. It was coming into the country with a fraudulent Japanese passport. These were always waived prior to 9-11. After 9-11, the government, the AEO, and the Board of Immigration Appeals has decided they want to deny these cases, and they have been for the last 12 years. So this is a new standard that they have come up with. It doesn't exist in any case law, regulation, or statute. We ask that the district court's decision be overturned and that this case be returned for a full review back at the district court. Thank you very much. Thank you.